United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ZYNGA GAME NETWORK, INC., a ) Case No. 09-1557
Delaware Corporation,          )
                               ) ORDER GRANTING
         Plaintiff,            ) PRELIMINARY
                               ) <u>INJUNCTION</u>
    v.                         )
                               )
KYLE MCEACHERN, an individual, and )
DOES 1 through X,              )
                               )
         Defendants.           )
_____)

## I. INTRODUCTION

On April 9, 2009, the Court issued an order granting in part the ex parte application for a temporary restraining order submitted under seal by Plaintiff Zynga Game Network, Inc. ("Zynga"). On April 21, 2009, without representation by an attorney, Defendant Kyle McEachern ("McEachern") filed an Opposition to Plaintiff's Order to Show Cause ("Opposition"). On April 22-23, 2009, the Court held a hearing on whether a preliminary injunction should be issued against McEachern.[1]

///
///

---

[1] At the preliminary injunction hearing, Defendant McEachern introduced Defendant's Exhibits C, D, E, and F. It is ORDERED that these exhibits are admitted into evidence.

## II. BACKGROUND

Zynga employed McEachern as a software engineer from February 15, 2008, until February 20, 2009.  First Amended Complaint ("FAC") ¶ 8.  McEachern was involved in the development of Zynga's game Mafia Wars.  Id.  McEachern was a consultant for Zynga starting March 13, 2009.  Id. ¶ 17.  At the outset of his employment, McEachern signed an employment agreement, and an invention assignment and confidentiality agreement.  Id. ¶ 10.  McEachern also signed a termination certificate and a consulting agreement.  Id. ¶ 15, 17.  On April 3, 2009, McEachern placed a banner ad on Zynga's production server for the game Mob Underworld.  Opp'n at 7, McEachern Decl. ¶ 23.  McEachern did not have Zynga's permission or authorization to do so.

## III. LEGAL STANDARD

A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.  Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008).

## IV. DISCUSSION

In the instant case, there is sufficient evidence to support a preliminary injunction against McEachern.  McEachern admits that, on April 3, 2009, he placed a banner ad for his competing game Mob Underworld on Zynga's production server.  Opp'n at 7,

1    McEachern Decl. ¶ 23.  During the hearing, Zynga submitted
2    evidence showing that some of the source code for Mob Underworld
3    is strikingly similar to some of the source code for Mafia Wars.
4    <u>See</u> Pl.'s Prelim. Hr'g Ex. 2.  McEachern claims to have conceived
5    of the idea for the game Mob Underworld and developed the source
6    code for the game between February 20, 2009, and March 13, 2009,
7    and between March 27, 2009, and April 2, 2009, while not employed
8    by Zynga.  Zynga presented evidence to the contrary indicating the
9    use of data obtained while employed by Zynga.

10        Based on McEachern's admissions in his Opposition, and the
11   evidence and testimony submitted during the two-day hearing, the
12   Court determines that Zynga is likely to succeed on the merits
13   with respect to many of its causes of action.  The injunction
14   being issued is narrowly tailored to preserve the status quo
15   pending trial.  If McEachern were to continue interfering with
16   Zynga's secure networks and servers, Zynga would suffer
17   irreparable harm in the form of damage to its reputation and
18   customer goodwill.  <u>See</u> <u>Stuhlbarg Int'l Sales Co., Inc. v. John D.</u>
19   <u>Brush and Co., Inc.</u>, 240 F.3d 832, 841 (9th Cir.2001); <u>see</u> <u>also</u>
20   <u>Facebook, Inc. v. Wallace</u>, No. 09-0798, 2009 WL 840391, at *2
21   (N.D. Cal. Mar. 24, 2009).  The terms of this preliminary
22   injunction impose little or no hardship on McEachern.  They
23   require him to refrain from certain activities, and to cooperate
24   in the process of preserving pertinent information pending trial.
25   Since Zygna customers are likely to be confused by unauthorized
26   and misleading advertising, this preliminary injunction is in the
27   public interest.
28

**V.    CONCLUSION**

For the reasons stated above, and pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, the Court ORDERS as follows:

Kyle McEachern, and any persons acting under his authority, direction, or control, are enjoined during the pendency of this action from each and all of the following:

1. Posting any information on any server, network, or website maintained or operated by Zynga;

2. Gaining access to any server, network, offices, or facilities maintained or operated by Zynga;

3. Using any information of, or soliciting, any Zynga customer on any list or file that McEachern obtained from Zynga's network or servers;

4. Destroying or altering any file or document in Mr. McEachern's possession or under his control relating in any way to Zynga or Mr. McEachern's employment by Zynga as a software engineer or consultant, and Mr. McEachern must preserve the same during the pendency of this action.

It is further ORDERED that:

5. Within five (5) calendar days from the date of this Order, Mr. McEachern must provide Zygna's counsel with copies of the complete source code of Mob Underworld in his possession and under his control. Mr. McEachern must not modify or alter in any way the source code of Mob Underworld before providing copies to Zynga's counsel. Zygna or Zygna's counsel must not make any use of that source code other than to develop its case in this

4

litigation;

6.  Within five (5) calendar days from the date of this Order, Mr. McEachern must disclose to Zynga any passwords or keys that he knows could be used to access any Zynga network or server;

7.  Within five (5) calendar days from the date of this Order, Mr. McEachern must provide Zynga's counsel or its agents and consultants with full access to all computers, servers, and storage media of any kind in his possession, custody or control. This includes, but is not limited to, Mr. McEachern's MacIntosh computer, the computer at his residence, the computer being shipped to Mr. McEachern from Las Vegas, Nevada, the servers Mr. McEachern rents from Softlayer in Seattle, Washington, and any other server or computer containing data relating to Mafia Wars or Mob Underworld.  Zynga's counsel of record and consultants shall use this access to create a mirror image of the hard drives of each such computer.  McEachern shall fully cooperate with any such access and inspection, including disclosing any and all passwords necessary to allow such access or inspection.  McEachern shall inform any third party who has possession of any such computers to immediately relinquish control of any such computers to allow the access by Zynga's lawyers and consultants as ordered by this paragraph.  Zynga shall maintain any and all such mirror images in confidence.  Mr. McEachern is not to modify or alter any files on his computers, servers, and storage media before providing access to Zynga's counsel.  Upon completion of the creation of these mirror images by Zynga's counsel of record, its agents or consultants, possession of such computers, servers and software

5

will be returned to Mr. McEachern for preservation pending the outcome of the trial in this action;

8. Mr. McEachern must maintain a full and accurate accounting of all revenues, costs, and profits associated with the development and operation of Mob Underworld.

This preliminary injunction will be effective immediately upon Zynga's posting of a bond in the amount of $5,000, and shall remain in effect during the pendency of this case.

IT IS SO ORDERED.

Dated: April 24, 2009

_____
UNITED STATES DISTRICT JUDGE