1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     Claude M. Stern (Bar No. 96737)
2    claudestern@quinnemanuel.com
     Evette D. Pennypacker (Bar No. 203515)
3    evettepennypacker@quinnemanuel.com
     Igor Piryazev (Bar No. 253149)
4    igorpiryazev@quinnemanuel.com
   555 Twin Dolphin Drive, Suite 560
5  Redwood Shores, California  94065-2139
   Telephone:     (650) 801-5000
6  Facsimile:      (650) 801-5100

7  Attorneys for Zynga Game Network, Inc.

8

9                          UNITED STATES DISTRICT COURT

10                        NORTHERN DISTRICT OF CALIFORNIA

11                              SAN FRANCISCO DIVISION

12 | ZYNGA GAME NETWORK, INC., a Delaware Corporation | CASE NO. 3:09-cv-01557-SC |
|---|---|
13 | | **ZYNGA GAME NETWORK, INC.'S NOTICE OF MOTION AND MOTION REQUESTING ORDER TO SHOW CAUSE WHY KYLE MCEACHERN SHOULD NOT BE HELD IN CONTEMPT** |
14 | Plaintiff, | |
15 | vs. | |
16 | KYLE MCEACHERN, an individual, and DOES I through X, | Date:  June 12, 2009<br>Time: 10:00 a.m.<br>Courtroom:  1, 17th Floor |
17 | | |
18 | Defendants. | Judge:  Honorable Samuel Conti |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ........................................................................................1

I.     INTRODUCTION................................................................................................................3

II.    FACTUAL BACKGROUND ..............................................................................................4

III.   ARGUMENT ......................................................................................................................5

        A.     The Preliminary Injunction Is Specific and Definite ..................................................7

        B.     Mr. McEachern Is Not in Substantial Compliance with the Preliminary
               Injunction. ...................................................................................................................8

        C.     Mr. McEachern Could Have Complied with the Preliminary Injunction but
               He Failed to Take All Reasonable Steps Within His Power to Comply ....................9

IV.   RELIEF SOUGHT ..............................................................................................................9

CONCLUSION ..............................................................................................................................11

# TABLE OF AUTHORITIES

**Page**

## Cases

*Arata v. Nu Skin Intern., Inc.*,
   96 F.3d 1265 (9th Cir. 1996) ...........................................................................................5

*Balla v. Idaho State Bd. of Corrections*,
   869 F.2d 461 (9th Cir. 1989) .............................................................................................6

*Chiquita Fresh, N.A., L.L.C. v. Pandol Associates Marketing, Inc.*,
   No. 07-1305, 2008 WL. 324009 (E.D. Cal. Feb. 5, 2008) ................................................5

*Citizens for a Better Environment v. Wilson*,
   775 F. Supp. 1291 (N.D. Cal. 1991) .................................................................................6

*In re Crystal Palace Gambling Hall, Inc.*,
   817 F.2d 1361 (9th Cir. 1987) ...........................................................................................6

*In re Dual-Deck Video Cassette Recorder Antitrust Lit.*,
   10 F.3d 693 (9th Cir. 1993) ...............................................................................................6

*FTC v. J.K. Publications, Inc.*,
   99 F. Supp. 2d 1176 (C.D. Cal. 2000) ..............................................................................9

*FTC v. Vocational Guides, Inc.*,
   2009 WL 943486 (M.D. Ten. Apr. 6, 2009) ..................................................................10

*First Sec. Nat. Bank & Trust Co. v. United States*,
   382 U.S. 34 (1965) ............................................................................................................5

*General Signal Corp. v. Donallco, Inc.*,
   787 F.2d 1376 (9th Cir. 1986) ......................................................................................6, 9

*Honor Plastic Industrial Co. Ltd. v. Lollicup USA, Inc.*,
   466 F. Supp. 2d 1217 (E.D. Cal. 2006) ............................................................................5

*Jerry's Famous Deli, Inc. v. Papanicolaou*,
   383 F.3d 998 (9th Cir. 2004) ...........................................................................................11

*M.R.S. Enters. v. Sheet Metal Workers' Int'l Ass'n*,
   No. 05-1823, 2006 WL 2612972 (D.D.C. Aug. 22, 2006) ..............................................7

*Maness v. Meyers*,
   419 U.S. 449 (1975) ..........................................................................................................6

*Pacific Shinfu Technologies Co., LTD. v. Pinnacle Research Institute, Inc.*,
   No. C-00-21034 RMW, 2008 WL 4669906 (N.D. Cal. Oct. 22, 2008) ..........................5

*Portland Feminist Women's Health Ctr. v. Advocates for Life, Inc.*,
   877 F.2d 787 (9th Cir. 1989) ...........................................................................................11

*Rapp v. U.S.*,
    146 F.2d 548 (9th Cir. 1944)..................................................................................................9

*Shuffler v. Heritage Bank*,
    720 F.2d 1141 (9th Cir. 1983)................................................................................................6

*U.S. v. Oakland Cannabis Buyers' Cooperative*,
    532 U.S. 483 (2001) ............................................................................................................10

*Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*,
    689 F.2d 885 (9th Cir. 1982)..................................................................................................6

**Statutes**

18 U.S.C. § 401 ...........................................................................................................................1, 3

# NOTICE OF MOTION AND MOTION

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 12, 2009, at 10:00 a.m. in Courtroom 1, 17th Floor of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, the Honorable Judge Samuel Conti presiding, Plaintiff Zynga Game Network, Inc. ("Zynga") will, and hereby does, move the Court for an order to show cause as to why Defendant Kyle McEachern should not be held in contempt under 18 U.S.C. § 401 and Civil Local Rules 7-8 and 7-2.  Zynga makes this motion on the grounds that Mr. McEachern violated the terms of the preliminary injunction entered by the Court on April 24, 2009, as Docket No. 20 ("Preliminary Injunction") by refusing to turn over, or discuss turning over a copy of the source code to Mob Underworld to Zynga's counsel; refusing to turn over, or discuss turning over, any passwords or keys he may have that give him access to Zynga's servers; as well as refusing to turn over, or discuss turning over, his computers, servers, and storage media of any kind to Zynga's counsel or its agents or consultants, in direct disobedience of this Court's order entered April 24, 2009.  Plaintiff seeks the following relief:

1. An order mandating that the U.S. Marshal seize all computers and servers belonging to Mr. McEachern, including but not limited to, the MacIntosh laptop, desktop computer, two servers at Softlayer in Seattle, and one server at, or in transit from, MarquisNet in Las Vegas (or wherever these servers may not be located), and all other storage media of any kind belonging to Mr. McEachern, so that Zynga may make a "mirror image" of those computers, servers, and storage media before returning them to Mr. McEachern;

2. An order directing any and all third parties who have control over or access to the computers, servers, and storage media belonging to Mr. McEachern provide Zynga's counsel or its agents or consultants with, possession of, or access to, such computers, servers, and storage media within three (3) calendar days of the issuance of an order granting the present motion;

3. An order requiring Mr. McEachern to appear before this Court at 9 a.m. on the first court day after the issuance of this order and provide to Zynga a copy of the Mob Underworld

1  Code and all passwords or keys that Mr. McEachern knows could be used to access any Zynga
2  network or server;
3      4.   An order requiring that the U.S. Marshals shall immediately SEIZE any third-party
4  computers, servers or other storage media, so that Zynga may make a "mirror image" of those
5  computers and storage media before returning them to any such third party if it is discovered that
6  Mr. McEachern transferred any of his data or other information to any third-party computers,
7  servers or other storage media;
8      5.   An order fining Mr. McEachern $1000 per day for each day that he fails to comply
9  with any of the terms of any order granting the present motion;
10     6.   Zynga's costs and attorney fees incurred in pursuing this motion and Mr.
11 McEachern's compliance with the preliminary injunction; and
12     7.   Such other relief as the Court may deem proper.
13     This motion is based upon this notice of motion and the memorandum of points and
14 authorities attached hereto, the declaration of Claude M. Stern and the exhibits thereto, the papers
15 and pleadings on file with the Court herein, the arguments of counsel, and upon such other matters
16 as they Court may properly consider at the time of hearing.

17 DATED:  May 1, 2009            Respectfully submitted,
18                                QUINN EMANUEL URQUHART OLIVER &
                                  HEDGES, LLP
19
20                                By_____/s/_____
21                                    Evette D. Pennypacker
                                      Attorney for Zynga Game Network, Inc.

I.  **INTRODUCTION**

Pursuant to 18 U.S.C. § 401 and Civil Local Rules 7-8 and 7-2, Plaintiff Zynga Game Network, Inc. ("Zynga"), hereby moves this Court for an order to show cause why Kyle McEachern should not be found in contempt of court. Mr. McEachern has failed to comply with this Court's Order Granting Preliminary Injunction which required him in clear and unambiguous terms to provide Zynga with the Mob Underworld code; access to any and all of his computers, servers and storage devices; and passwords or keys that he knows could be used to access Zynga's network or servers, within five calendar days of the order's entry, which was April 29, 2009. As the accompanying Declaration of Claude M. Stern and exhibits establish, Mr. McEachern has not taken any steps to comply with the preliminary injunction.

Zynga attempted to contact Mr. McEachern several times by electronic mail and also by telephone to arrange a mutually convenient time for Mr. McEachern's compliance. As of the filing of this motion, Mr. McEachern has not responded to Zynga's messages in any way. Zynga's counsel contacted third parties MarquisNet and Softlayer to determine whether Mr. McEachern had taken steps to direct those third parties to allow Zynga's counsel access to Mr. McEachern's computers. Those third parties informed Zynga that Mr. McEachern had not take any such steps. In other words, Mr. McEachern has simply ignored this Court's preliminary injunction.

Accordingly, Zynga asks the Court to find Mr. McEachern in contempt of Court and to issue an Order:

(1) mandating that the U.S. Marshal seize all computers and servers belonging to Mr. McEachern, including but not limited to, the MacIntosh laptop, desktop computer, two servers at Softlayer in Seattle, and one server at, or in transit from, MarquisNet in Las Vegas (or wherever these servers may not be located), and all other storage media of any kind belonging to Mr. McEachern, so that Zynga may make a "mirror image" of those computers and storage media before returning them to Mr. McEachern;

(2) directing any and all third parties who have control over or access to the computers, servers, and storage media belonging to Mr. McEachern provide Zynga's counsel or its agents or consultants with, possession of, or access to, such computers, servers, and storage media within

three (3) calendar days of the issuance of an order granting the present motion;

    (3)    requiring Mr. McEachern to appear before this Court at 9 a.m. on the first court day after the issuance of this order and provide to Zynga a copy of the Mob Underworld Code and all passwords or keys that Mr. McEachern knows could be used to access any Zynga network or server;

    (4)    requiring that the U.S. Marshals shall immediately seize any third-party computers, servers or other storage media, so that Zynga may make a "mirror image" of those computers and storage media before returning them to any such third party if it is discovered that Mr. McEachern transferred any of his data or other information to any third-party computers, servers or other storage media;

    (5)    fining Mr. McEachern $1000 per day for each day that he fails to comply with any of the terms of any order granting the present motion;

    (6)    awarding Zynga attorneys' fees and costs incurred in pursing this motion and Mr. McEachern's compliance with the preliminary injunction; and

    (7)    granting any other relief that the court deems appropriate.

## II. FACTUAL BACKGROUND

On April 24, 2009, the Court issued a preliminary injunction, ruling, among other things, that Zynga was likely to succeed on the merits on many of its claims against Mr. McEachern. (Dkt. 20). The preliminary injunction both enjoined certain conduct and required Mr. McEachern to undertake certain affirmative acts. (*Id.* at 4-6). In particular, Mr. McEachern was to provide Zynga's counsel with copies of the source code for Mob Underworld, to disclose to Zynga any passwords or keys that he knows could be used to access any Zynga network or server, and to provide Zynga's counsel or its agents and consultants with "full access to all computers, servers, and storage media of any kind in his possession, custody or control." (*Id.* at 4-5). Mr. McEachern was ordered to comply with these terms within five *calendar* days (as distinguished from five days under Rule 6(a)) from issuance of the preliminary injunction. The deadline for Mr. McEachern's compliance was the end of Wednesday, April 29.

Despite repeated requests from Zynga's counsel, Mr. McEachern has failed to perform any

of the affirmative acts required of him by the preliminary injunction as of the time this motion was filed. As illustrated by the Declaration of Claude Stern in Support of Motion for Contempt (Stern Decl.) and exhibits, Mr. McEachern was contacted no fewer than three times by email and twice by phone by Zynga's counsel to try and arrange a mutually convenient time for Mr. McEachern's compliance. Zynga's counsel emailed Mr. McEachern on April 25, 28, and 29 requesting that he comply with the injunction and that he contact Zynga's counsel to work out the logistics of his compliance. (Stern Decl. Ex. 1, 2, and 3). Zynga's counsel also called Mr. McEachern twice on the evening of April 30, between the hours of 6:59 p.m. and 7:02 p.m., leaving two messages that both requested that Mr. McEachern contact Zynga's counsel either at the office or on his cell phone. (Stern Decl. ¶6). As of the filing of this motion, Mr. McEachern has not responded to any of these contacts by Zynga's counsel. (*Id.* ¶¶3, 6)

As of the filing of this motion, it is also Zynga's understanding that Mr. McEachern failed to direct either Softlayer or MarquisNet to grant Zynga and its counsel access to computers, servers, and storage media in the possession of Softlayer or MarquisNet. (Stern Decl. ¶¶4-5)

On April 28, 2009, Mr. McEachern filed a motion requesting a stay of the preliminary injunction pending appeal. As of the time of the present motion, that stay has not been granted. Mr. McEachern is not excused from complying with the preliminary injunction, and he is currently in contempt of the Court's April 24, 2009 preliminary injunction.

## III.   ARGUMENT

This Court has inherent authority to enforce Mr. McEachern's disobedience of its preliminary injunction through a contempt proceeding.[1] Zynga must establish the required

---

[1] *See First Sec. Nat. Bank & Trust Co. v. United States*, 382 U.S. 34 (1965); *Arata v. Nu Skin Intern., Inc.*, 96 F.3d 1265, 1269 (9th Cir. 1996); *Chiquita Fresh, N.A., L.L.C. v. Pandol Associates Marketing, Inc.*, No. 07-1305, 2008 WL 324009, at *1 (E.D. Cal. Feb. 5, 2008) ("Failure to obey the terms of a preliminary injunction constitutes a contempt of court."); *Honor Plastic Industrial Co. Ltd. v. Lollicup USA, Inc.*, 466 F. Supp. 2d 1217, 1224 (E.D. Cal. 2006) (finding defendant in contempt and awarding sanctions against defendant that "deliberately violated the preliminary injunction through continued use of the website and representing itself as [plaintiff]"); *Pacific Shinfu Technologies Co., LTD. v. Pinnacle Research Institute, Inc.*, No. C-00-
     (footnote continued)

elements for contempt by clear and convincing evidence.[2] Zynga can easily meet this standard. The preliminary injunction was a specific and definite order that Mr. McEachern failed to comply with, and he is therefore in contempt of this Court.[3] Mr. McEachern must be in "substantial compliance" with the preliminary injunction to avoid a finding of contempt.[4] It is "not necessary to find that [Mr. McEachern] willfully or intentionally failed to comply, and 'good faith' is not a defense."[5] Rather, "the only issue is whether [Mr. McEachern] could have complied (or took all reasonable steps within [his] power to comply)."[6] Here, it is clear that Mr. McEachern did not take *any* steps to comply.

Mr. McEachern's filing of a notice of appeal does not absolve him from compliance with this Court's preliminary injunction. Absent an appeal of the order ***and a stay***, a party cannot "disobey a court order and later argue that there were 'exceptional circumstances' for doing so," as a "'good faith' exception to the obedience of a court order has no basis in law."[7] In fact, the Supreme Court has observed that "[p]ersons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect."[8] Other courts have consistently held that the filing of a notice of appeal does not stay

---

21034 RMW, 2008 WL 4669906, at *5 (N.D. Cal. Oct. 22, 2008) (finding defendants in contempt for violating preliminary injunction that enjoined them from transferring patent).
 [2] *Citizens for a Better Environment v. Wilson,* 775 F. Supp. 1291, 1299 (N.D. Cal. 1991).
 [3] *General Signal Corp. v. Donallco, Inc.* 787 F.2d 1376, 1379 (9th Cir. 1986); *Balla v. Idaho State Bd. of Corrections,* 869 F.2d 461, 465 (9th Cir. 1989).
 [4] *In re Dual-Deck Video Cassette Recorder Antitrust Lit.,* 10 F.3d 693, 695 (9th Cir. 1993) (citing *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.,* 689 F.2d 885, 889 (9th Cir. 1982)).
 [5] *Wilson*, 775 F. Supp. at 1300; *see also General Signal*, 787 F.2d at 1379 (citing *McComb v. Jacksonville Paper Co.,* 336 U.S. 187, 191 (1949)).
 [6] *Id.* (citing *Peppers v. Barry*, 873 F.2d 967, 968-69 (6th Cir. 1989)); *see also Shuffler v. Heritage Bank*, 720 F.2d 1141, 1146 (9th Cir. 1983) ("A person fails to act as ordered by the court when he fails to 'take all the reasonable steps within [his] power to insure compliance with the [court's] order.'") (citing *Sekaquaptewa v. MacDonald*, 544 F.2d 396, 406 (9th Cir. 1976)).
 [7] *In re Crystal Palace Gambling Hall, Inc.,* 817 F.2d 1361, 1365 (9th Cir. 1987); *Maness v. Meyers*, 419 U.S. 449, 458 (1975) ("If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal.").
 [8] *Maness v. Meyers*, 419 U.S. 449, 458 (1975).

the order being appealed.[9] Thus, there is no excuse for Mr. McEachern's failure to comply with the preliminary injunction, and he should be found in contempt.

**A.    The Preliminary Injunction is Specific and Definite**

The preliminary injunction satisfies the first element needed for a contempt ruling because it is specific and definite.  The first of the three paragraphs that Zynga seeks to specifically enforce, paragraph five, states the following:

> 5. Within five (5) calendar days from the date of this Order, Mr. McEachern must provide Zygna's counsel with copies of the complete source code of Mob Underworld in his possession and under his control. Mr. McEachern must not modify or alter in any way the source code of Mob Underworld before providing copies to Zynga's counsel;

(Dkt. 20 at 4-5)  This paragraph clearly identifies what Mr. McEachern must produce (the complete source code of Mob Underworld), where and to whom he must produce it (Zynga's counsel), and when he must produce it (within five calendar days).  There is no lack of clarity in paragraph 5.  And, if Mr. McEachern was in any way confused by the paragraph or how to properly comply with it, he has not communicated that confusion to either Zynga or the Court.

The second paragraph Zynga seeks to enforce is equally clear.  Paragraph six reads as follows:

> 6. Within five (5) calendar days from the date of this Order, Mr. McEachern must disclose to Zynga any passwords or keys that he knows could be used to access any Zynga network or server;

(Dkt. 20 at 5)  This paragraph plainly requires that Mr. McEachern provide Zynga with any passwords or keys that enable access to Zynga's network within five calendar days.  Again, the order is precise, clear, and unambiguous.  Mr. McEachern is told what he must produce, when, and to whom.  Mr. McEachern has not contacted Zynga or the Court to express confusion about or to seek clarification of this provision.

The third paragraph that Zynga seeks to enforce is similarly clear.  Paragraph seven states:

---

[9] *See, e.g.*, *M.R.S. Enters. v. Sheet Metal Workers' Int'l Ass'n*, No. 05-1823, 2006 WL 2612972 (D.D.C. Aug. 22, 2006) ("[A] pending appeal does not relieve a party of its duty to comply with a Court Order prior to a decision by the appellate court.").

7. Within five (5) calendar days from the date of this Order, Mr. McEachern must provide Zynga's counsel or its agents and consultants with full access to all computers, servers, and storage media of any kind in his possession, custody or control. This includes, but is not limited to, Mr. McEachern's MacIntosh computer, the computer at his residence, the computer being shipped to Mr. McEachern from Las Vegas, Nevada, the servers Mr. McEachern rents from Softlayer in Seattle, Washington, and any other server or computer containing data relating to Mafia Wars or Mob Underworld. Zynga's counsel of record and consultants shall use this access to create a mirror image of the hard drives of each such computer. McEachern shall fully cooperate with any such access and inspection, including disclosing any and all passwords necessary to allow such access or inspection. McEachern shall inform any third party who has possession of any such computers to immediately relinquish control of any such computers to allow the access by Zynga's lawyers and consultants as ordered by this paragraph. Zynga shall maintain any and all such mirror images in confidence. Mr. McEachern is not to modify or alter any files on his computers, servers, and storage media before providing access to Zynga's counsel. Upon completion of the creation of these mirror images by Zynga's counsel of record, its agents or consultants, possession of such computers, servers and software will be returned to Mr. McEachern for preservation pending the outcome of the trial in this action;

(Dkt. 20 at 5-6). This portion of the preliminary injunction is both specific and definite. It lists what property Mr. McEachern must turn over (computers, servers, storage media), to whom it must be relinquished (Zynga's counsel of record and consultants), and when Mr. McEachern is required to comply (within 5 calendar days). Again, Mr. McEachern has not expressed any confusion or sought clarification of this provision. All of these provisions are clear, precise and unambiguous, and there is no justification for Mr. McEachern's failure to comply with them.

**B.     Mr. McEachern is Not in Substantial Compliance With the Preliminary Injunction.**

Mr. McEachern cannot argue that he is in substantial compliance with the preliminary injunction, because he has taken no action directed at any compliance at all. Mr. McEachern has not returned Zynga's counsel's emails or telephone calls, nor has he granted Zynga's counsel, agents or consultants *any* access to his computers, servers, or storage media, let alone enough access to constitute substantial compliance. Mr. McEachern has also failed to provide Zynga's counsel copies of the complete source code of Mob Underworld or the passwords and keys to Zynga's system described in the preliminary injunction. And, Mr. McEachern has taken no steps to direct third parties Softlayer and MarquisNet to allow Zynga access to Mr. McEachern's servers and computers in their possession. Accordingly, there is clear and convincing evidence that Mr.

McEachern has failed to comply with the clear and unambiguous terms of the Court's preliminary injunction order, and Mr. McEachern should be found in contempt.

### C. Mr. McEachern Could Have Complied With the Preliminary Injunction But He Failed to Take All Reasonable Steps Within His Power to Comply.

As far as Zynga can tell, Mr. McEachern has not taken *any* steps to comply with the preliminary injunction, let alone "all reasonable steps." Nor has Mr. McEachern communicated with Zynga's counsel regarding any issues, technical or otherwise, that are preventing his compliance. Indeed, the MacIntosh computer that Mr. McEachern was asked to turn over as part of the preliminary injunction was in Mr. McEachern's possession as recently as April 24, 2009, when he brought it to Court. Zynga also understands that Mr. McEachern has failed to instruct either Softlayer or MarquisNet to grant Zynga's counsel, agents or consultants access to his servers. In fact, both Softlayer and MarquisNet have been refusing to turn over any files or take any action in the absence of Mr. McEachern's consent. (Stern Decl. ¶¶4-5) If Mr. McEachern believes that his having filed a notice of appeal makes his compliance unnecessary until his appeal is decided, he is mistaken. Mr. McEachern cannot avoid compliance with the preliminary injunction until his appeal is decided; he must comply now.

## IV. RELIEF SOUGHT

To remedy the violation of a court order, the court may impose sanctions "to coerce obedience to a court order,[10] or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both."[11]

Zynga asks the Court to remedy Mr. McEachern's failure to comply with the preliminary injunction through several different civil contempt enforcement mechanisms. First, Zynga

---

[10] The use of the word coerce is not accidental. The court has the power to, on its own motion, impose not only civil but criminal sanctions on a person found to be in contempt of court. *See, e.g., FTC v. J.K. Publications, Inc.*, 99 F. Supp. 2d 1176 (C.D. Cal. 2000) (imprisoning defendant after finding him in contempt of TRO freezing his assets); *Rapp v. U.S.*, 146 F.2d 548 (9th Cir. 1944) (affirming criminal contempt judgment against landlord for over-charging tenants in violation of preliminary injunction and sentence of 30 days imprisonment).

[11] *General Signal,* 787 F.2d at 1379 (citing *United States v. United Mine Workers*, 330 U.S. 258, 303-04 (1947)).

1  requests that the Court order the U.S. Marshals to seize Mr. McEachern's computers, servers, and
2  storage media, so that they can be imaged in accordance with the preliminary injunction.  In this
3  instance, such a seizure is not only appropriate given Mr. McEachern's failure to turn over his
4  computer equipment on his own despite a Court order, it may be the *only* way Zynga is able to
5  obtain compliance with the preliminary injunction.[12]

6  Next, Zynga requests that the Court order non-parties that have access to or possession of
7  Mr. McEachern's computers, servers, and storage media to grant Zynga's counsel, agents or
8  consultants access to the same within three (3) calendar days of the issuance of an order.  Thus far,
9  both MarquisNet and Softlayer have refused to grant Zynga such access in the absence of
10 permission from Mr. McEachern.  (Stern Decl. ¶¶4-5)  Mr. McEachern has not provided his
11 consent, although he was plainly ordered to do so.  Thus, an order from this Court directing third
12 parties to provide access to Mr. McEachern's computers, servers and other storage media is
13 necessary to effectuate the terms of the preliminary injunction.

14 Similarly, an order directing U.S. Marshals to seize any computers, servers, or other
15 storage media belonging to third parties is necessary in the event it is discovered that Mr.
16 McEachern has transferred any of his data or other information to such computers, servers, or
17 other storage media.  Mr. McEachern has already demonstrated a propensity for deleting, altering
18 and moving data.  If Mr. McEachern has attempted to hide or move evidence to computers owned
19 by third parties to avoid compliance with the preliminary injunction, an order directing the U.S.
20 Marshal to seize any such third party computers is necessary to enforce the terms of the
21 preliminary injunction.

22 Courts have issued such orders concerning third parties where it is necessary to do so to
23 enforce an injunction.  For example, in *FTC v. Vocational Guides, Inc.*, 2009 WL 943486, at *19-
24 *20 (M.D. Ten. Apr. 6, 2009), when enforcing a permanent injunction, the court required non-

---

[12] *See U.S. v. Oakland Cannabis Buyers' Cooperative*, 532 U.S. 483, 487 (2001) (noting that the Northern District of California granted a seizure order after preliminary injunction was disobeyed).

parties to the action to turn over property to the court that had been purchased by defendant with revenue from his business.  It was through operating that business that defendant violated an earlier permanent injunction entered against him.  The court ruled, "[t]his Court has the authority to use its inherent powers, including orders to non-parties, to fashion effective relief." *Id.* at *20 (*citing FTC v. Productive Marketing*, 136 F.Supp.2d 1096, 1106 (C.D. Cal. 2001)).  Zynga requests that the Court similarly use its inherent power here.

Zynga further requests that the Court direct Mr. McEachern to provide to Zynga a copy of the Mob Underworld Code and all passwords or keys that he has in his possession by appearing before the Court at 9 a.m. on the first court day after the issuance of the requested order.  Mr. McEachern has already demonstrated a flagrant disregard of this Court's orders.  Zynga therefore also requests that Mr. McEachern be fined $1000 per day for each day that he fails to comply with any terms of the court order that Zynga is requesting.[13]

The only reason the present motion was necessary is Mr. McEachern's failure to abide by the law.  The Court issued a clear and unambiguous preliminary injunction with specific directions.  Mr. McEachern simply ignored that order and all of Zynga's attempts to obtain compliance with that order.  Accordingly, Zynga asks the court to order Mr. McEachern to pay Zynga the attorneys' fees and costs it has accrued to bring this contempt motion.[14]

## **CONCLUSION**

For all these reasons, Zynga respectfully requests that this Court enter an order to show cause why Defendant Kyle McEachern should not be held in contempt.

---

[13] *See Portland Feminist Women's Health Ctr. v. Advocates for Life, Inc.*, 877 F.2d 787, 790 (9th Cir. 1989) (holding that requiring defendants to pay $500 each if they violated the court order in the future was a proper civil contempt remedy).

[14] *Jerry's Famous Deli, Inc. v. Papanicolaou*, 383 F.3d 998, 1005 (9th Cir. 2004) (awarding disgorgement of profits and attorney fees on contempt motion for violation of injunction).

DATED:  May 1, 2009

Respectfully submitted,

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By_____/s/_____
   Evette D. Pennypacker
   Attorney for Zynga Game Network, Inc.